98 Cal.App.2d 518 (1950)
W. W. SHEPHERD et al., Appellants,
v.
JOE PEREA, Respondent.
Civ. No. 17391. 
California Court of Appeals. Second Dist., Div. One. 
July 21, 1950.
 William K. Young for Appellants.
 Charles E. Hobart for Respondent.
 DRAPEAU, J.
 [1] Defendant purchased a caterpillar tractor from International Machinery Company. The tractor was guaranteed to be 85 per cent efficient, under O.P.A. regulations. But defendant found that the engine would not run. He notified International Machinery Company, and that company asked plaintiffs to see what was wrong.
 One of plaintiffs' mechanics attempted to fix the engine in the field, without success. The engine was pulled out of the tractor, shipped from Lancaster to plaintiffs' machine shop in Los Angeles, and overhauled. It was then sent back to Lancaster and installed in the tractor. The cost of the work was $2,008.38.
 Thereafter defendant used the tractor for more than a year, leveling land in the Antelope valley, and sold it for a good price. During this time plaintiffs did other work on the tractor, and defendant paid their bills for this service.
 The testimony is in conflict as to who authorized the work on the engine to be done, and who agreed to pay for it. Plaintiffs' witnesses testified that defendant did. Defendant denied that he did. He testified that at all times he specifically told plaintiffs' representatives that the tractor was guaranteed by International Machinery Company and that any work on the engine was to be paid for by them.
 Invoices were made to International Machinery Company for the work; bills were mailed to the same company. Then *520 plaintiffs billed defendant, demanded payment from him, and finally sued him for the work, labor, and services performed. The trial court found for the defendant, judgment followed, and appeal was taken.
 Applying elementary rules on appeal, the judgment must stand. It was the province of the trial court to determine the weight, value and effect of the testimony. Having so determined, the only inquiry to be made by a reviewing court is whether there is substantial evidence to support the findings and judgment. (Jordan v. Guerra, 23 Cal.2d 469 [144 P.2d 349]; Buckhantz v. R. G. Hamilton & Co., 71 Cal.App.2d 777 [163 P.2d 756].)
 Plaintiffs argue that defendant is liable in any event, because he received the benefit of their work and services; that otherwise, defendant would be unjustly enriched at the expense of plaintiffs.
 [2] Under the facts of this case, the rule of unjust enrichment does not apply. Ordinarily, of course, the law will imply a promise on the part of the recipient of services to pay for them. But the implied promise is a question of fact, and a determination by the trier of fact that there was no such promise will be supported on appeal. (Crane v. Derrick, 157 Cal. 667 [109 P. 31].) Nothing in Philpott v. Superior Court, 1 Cal.2d 512 [36 P.2d 635, 95 A.L.R. 990], cited by plaintiffs, is contrary to this conclusion.
 [3] Plaintiffs allege error in two rulings upon questions of evidence.
 Plaintiffs offered in evidence a written contract between defendant and International Machinery Company, objection to which was sustained. Defendant produced a witness who testified, over objection, to hearing a telephone conversation between defendant and some other party relative to details of the purchase of the tractor.
 Neither ruling seriously affected the rights of plaintiffs, or the facts before the court. There is sufficient evidence to support the findings in any event. (Loper v. Morrison, 23 Cal.2d 600 [145 P.2d 1]; Frazure v. Fitzpatrick, 21 Cal.2d 851 [136 P.2d 566].)
 The judgment is affirmed.
 White, P. J., and Doran, J., concurred.