[Civ. No. 22. Fifth Dist. Mar. 16, 1962.]

GRIFFITH COMPANY, Plaintiff and Respondent, v. FRANK S. HOFUES, JR., as Administrator With the Will Annexed, etc., Defendant and Appellant.

Young, Wooldridge & Paulden and Robert J. Self for Defendant and Appellant.

Walter L. Maas for Plaintiff and Respondent.

BROWN, J.—Defendant is the administrator with the will annexed of Frank S. Hofues, Sr., deceased. During the course of administration certain property owned by the estate, herein designated as the Bakersfield Inn, comprised of real property, personal property and certain leasehold interests, was sold as a unit to one Walter H. Nelson and on April 3, 1959, an order confirming the sale was duly made and entered in the probate proceedings pending in Los Angeles County. Except as herein mentioned, the details of that sale are no concern of this court. It is important to note that an escrow was opened and Nelson was not to receive title or possession until he had complied with specified conditions and had paid certain moneys. Defendant's resident manager, J. Paul Montgomery, remained in active charge of the Bakersfield Inn until about August 17, 1959.

During the early part of April 1959, plaintiff's construction superintendent, Horace S. T. Massey, at the request of one Clayton Smith, who was acting in behalf of Nelson, inspected the condition of certain parking areas and walkways situated on the grounds of the Bakersfield Inn, with a view to submitting a bid for repairs, resurfacing and repaving. On April 17, 1959, plaintiff, through Massey, submitted to Clayton Smith, personally, a written estimate covering the work, directed to "Bakersfield Inn, P. O. Box 526, Bakersfield, California Attention: Mr. Clayton Smith." Subsequent negotiations were had between Massey and Smith until August 15, 1959. During that period of time, Massey dealt with Smith, alone, regarding the proposed improvement. No person other than Massey negotiated in behalf of plaintiff. Although he never inquired concerning the capacity or authority of Smith, and Smith made no representation to him, Massey simply assumed Smith was either manager, or acting in behalf of the owner, or the owner of the Bakersfield Inn. Massey, in fact, did not know who owned the Bakersfield Inn. Plaintiff's bid, dated April 17, 1959, was accepted by "Nelson-Smith Hotel Co." and signed by Walter H. Nelson and Clayton V. Smith. Immediately to the right of Nelson's signature appear the words and figures, "Approved August 15, 1959."

On August 17, 1959, Nelson and defendant entered into a written agreement which recited, in relevant part, that Nelson had purchased the Bakersfield Inn and escrows were pending; that he had been unavoidably delayed in putting up the balance of the purchase price, and believed such funds would be available to him only if he was let into possession of the Bakersfield Inn; and that, upon the payment of a specified sum, it was deemed desirable to place Nelson in possession on the "standard form hotel management agreement" for a period of 30 days. Pursuant to that agreement Nelson was let into physical possession of the Bakersfield Inn on August 17, 1959. Neither the form nor testimony concerning the contents of the standard form hotel management agreement is before this court. However, it may be disregarded since the record clearly shows that Nelson was in possession as purchaser and not as manager.

Nelson was to pay all operating expenses of the Bakersfield Inn, together with specified installment payments, and all income was to be owned by him. A commercial banking account was established in the name of Nelson-Smith Company, the signatories thereto being Nelson, Smith, Mr. Parker (auditor for Nelson-Smith Co.), Mr. Montagnan, defendant Hofues, Mr. Wills (controller for Hofues), one Wanda (private secretary for Hofues), and, later J. Paul Montgomery. All receipts derived from the operation of the business were deposited therein. Although Hofues did not expressly reserve the right to review or approve obligations incurred or expenditures made, all withdrawals of funds on deposit in the commercial account required two signatures—that of Nelson or one of the signatories authorized by him to sign checks, and that of defendant Hofues or one of the signatories authorized by him to sign checks. There was testimony that the reason was to insure the expenditure of funds only for business purposes, and prevent Nelson from making withdrawals to recoup his payments on the purchase price in the event he determined not to consummate the purchase transaction. Hofues requested Nelson to obtain a waiver of lien rights for anything done affecting the real property.

Nelson entered into possession of the Bakersfield Inn on August 17, 1959. Although the name "Nelson-Smith Hotel Co." is indicative of an association between Nelson and Smith, there is testimony to the effect that Smith was placed in active charge of the Bakersfield Inn about August 17, 1959, as Nelson's manager. Nelson did not testify.

It is conceded that the work which is the basis of this action was commenced by plaintiff after August 17, 1959, and was completed prior to September 16, 1959. When the work had progressed to about the half-way mark, Massey was asked by one other than defendant and presumably by Smith, to sign a waiver of lien rights. He refused on the basis that he was not authorized by plaintiff so to do. No lien was recorded.

By a statement dated September 16, 1959, plaintiff billed "Bakersfield Inn, 1101 Union Avenue, Bakersfield, California," in the sum of $3,455. Nelson and Smith were then in possession. Montgomery was in and around the inn during the period of the work and knew it was being done. Defendant testified that he knew by "indirection" that the work was being performed but that he never saw plaintiff's bill and no check in payment thereof was ever presented to him for signature.

Nelson defaulted under his agreement with defendant. After proceedings which we must presume to have been regular, the Superior Court of Los Angeles County, on March 14, 1960, (after many continuances) made and entered its order which, in relevant part, vacated and set aside the decree of confirmation of sale to Nelson. Subsequent thereto, defendant regained possession of the inn.

Plaintiff's bill not having been paid, this suit was brought on the theory of an implied contract for materials furnished and services rendered. Upon a nonjury trial, the court entered judgment in favor of plaintiff. Defendant appeals.

The task of this court is to determine whether the trial court erred in finding this to be a proper case for application of the doctrine of unjust enrichment.

At the outset it should be noted that, although the theory of ostensible agency runs like a thread throughout this case from the pleading stage to the memorandum decision of the court, that question is not presented to us on appeal. It seems clear that the court predicated its formal judgment, which supersedes the memorandum decision, upon the doctrine of unjust enrichment. Plaintiff concedes the point in its brief, without argument. Therefore, it may be disregarded.

Plaintiff does not contend that Nelson-Smith Hotel Co. or Walter H. Nelson or Clayton V. Smith, individually, who authorized this work and employed the plaintiff, had any legal authority as such to do so, so as to bind the defendant. Neither is it contended that they were in any way authorized

to contract for plaintiff. The only theory upon which the recovery is sought to be sustained is unjust enrichment.

No California case has been cited by either plaintiff or defendant in which the factual situation is similar to that here involved. Our research has not developed a case of this state which is closely parallel. The nearest in point of any case to which we have been referred is *Shepherd* v. *Perea,* 98 Cal. App.2d 518 [220 P.2d 776], on which defendant relies. In that case plaintiff repaired a tractor engine owned and possessed by the defendant, who reaped the benefit of the work, but plaintiff at all times knew he was to look to International Machinery Company, the original seller and guarantor of the engine, for payment. After billing International without success, plaintiff sued defendant on the theory of unjust enrichment. It was held that defendant was not liable under the doctrine. Different entirely are the facts before us. Here, plaintiff did not know three entities were involved. Its representative, Massey, erroneously believed that Smith acted for the owner of the inn; the work was performed on the inn premises; the inn reaped the benefit; the inn, alone, was billed; and Massey assumed the owner of the inn would be liable for payment.

We have carefully reviewed all cases to which we have been referred. *Taliaferro* v. *Colasso,* 139 Cal.App.2d 903 [294 P.2d 774], dealt with the limited rights of a person who innocently and mistakenly improves the land of another. Such is not our case. *Rotea* v. *Izuel,* 14 Cal.2d 605 [95 P.2d 927], was a case where decedent had verbally requested plaintiff to furnish board and room to a third person to whom the decedent owed no legal duty of support. *County of San Luis Obispo* v. *Gage,* 139 Cal. 398 [73 P. 174], dealt with an action in mandamus brought by the county to compel the state to make allowances for the maintenance of orphans by the county, pursuant to an appropriation act of March 25, 1880 (Stats. 1880, p. 13). In *National Pac. Oil Co.* v. *Watson,* 184 Cal. 216 [193 P. 133], plaintiff-vendee rescinded a land sale contract for a breach of the defendant-vendor and the breaching vendor was held liable for the return of the moneys he had received. *Lazzarevich* v. *Lazzarevich,* 88 Cal.App.2d 708 [200 P.2d 49], involved the right of an innocent putative wife to recover from her supposed husband the reasonable value of her services to him. *McElhaney* v. *W. E. Moyer & Co.,* 101 Cal.App. 53 [281 P. 87], was a case where plaintiff sued to recover the value of corporate stock which was fraud-

ulently obtained by defendant. The appeal was predicated on the ground the evidence did not support a finding of fraud. In *Anderson* v. *Doolittle*, 97 Cal.App.2d 836 [218 P.2d 848], the question was whether an attachment was properly issued in an action to recover treble damages by reason of a usurious transaction. In *Long* v. *Rumsey*, 12 Cal.2d 334 [84 P.2d 146], plaintiff sued the estate of a decedent upon a claim to recover for services rendered under an alleged oral promise of the decedent to will her estate to plaintiff. The decision deals principally with the effect of the statute of frauds and the statute of limitations.

It is obvious that none of these cases is an authority for the position of plaintiff or that of defendant. None has any bearing on the question at issue. It is true that isolated sentences may be plucked from some of these cases which would tend to establish that if a person permits another one to work for him under circumstances from which it may reasonably be assumed that the services were rendered with the expectation of receiving compensation, the one receiving the benefit of those services should be compelled to pay for them. But the plaintiff here was not working for defendant. It had no semblance of authority from him to repair, resurface or repave walks and parking areas. Its employment came from an express written contract with the Nelson-Smith Hotel Company, or Nelson and Smith, individually.

It is contended that the defendant acquiesced to, and had knowledge of, and accepted the benefit of, the services, and it is therefore claimed that he should be compelled to pay for them, whether they were authorized or whether he wanted them or not. We do not think this proposition is sound. The work, itself, was done after Nelson took possession of the inn on August 17, 1959. It was done by his authority. Nelson was in as purchaser and defendant could not then reasonably foresee that the total purchase price would not be paid and he would be compelled to regain possession. He was therefore not in a position to forbid the work going on. He was not called upon to forbid or otherwise restrain it.

Decisions of other jurisdictions have been reviewed. They are not in harmony nor are they particularly helpful. Defendant has referred us to the case of *Alexander* v. *Alabama Western R. Co.*, 179 Ala. 480 [60 So. 295]. In the cited case a foreign corporation, as general contractor, had an express contract with the railroad company for the construction of a part of its road. Plaintiff, as subcontractor, had an express

contract with the general contractor for the grading. The railroad company either paid the general contractor or defeated its claim on the ground that it was a noncomplying foreign corporation. The railroad gained the benefit of plaintiff's services and materials. Plaintiff sued on the theory of unjust enrichment. In denying recovery, the Supreme Court of Alabama stated at page 296 [60 So.] of the opinion:

". . . there was an express contract covering the same field in which appellant would put into operation the law of contract by implication. The effect of all the authorities is that, where the parties have entered into a special contract, it is the exclusive source of legal rights and duties as regards the matters to which it pertains. An express contract excludes an implied one in reference to the same subject-matter. . . . 'One may well gain by the contract of another to which he is not a party; but the law will not imply his promise to pay for this gain which comes incidentally to him.'"

We are of the opinion that plaintiff does not have a cause of action against this defendant. It saw fit to accept employment from the Nelson-Smith Hotel Company, which was admittedly without authority from this defendant. It dealt with Smith, Nelson's representative, without ascertaining his authority to bind the owners of the inn, and it is fundamental that one so dealing does so at his peril. He is bound to inquire and to know if the authority exists. This the plaintiff failed to do. Even when the work was half-way completed and Massey was requested to waive plaintiff's lien rights, plaintiff made no inquiry. It went ahead with the work relying on an express written contract with Nelson-Smith Hotel Company, expecting that its services would be paid for by that company. It must now look to that company for payment.

Under the circumstances here, plaintiff may not recover from this defendant, and the judgment must, therefore, be reversed.

Although our conclusion may seem harsh to this plaintiff, it must be remembered that one situated as was the plaintiff in this case is amply protected by the law. It has its remedy against the Nelson-Smith Hotel Company. Further, it was protected by appropriate sections of the Code of Civil Procedure applicable to liens of mechanics and materialmen. Apparently plaintiff did not choose to file and perfect a lien against the land, but elected to seek a recovery on the theory of unjust enrichment which would be enforceable against the

general assets of defendant. Plaintiff chose its weapons in the court below and is now bound by the result of its choice.

The judgment is reversed.

Conley, P. J., and Stone, J., concurred.