[No. B052911. Second Dist., Div. Seven. June 25, 1991.]

ENTERPRISE LEASING CORPORATION, Plaintiff and Appellant, v. SHUGART CORPORATION, Defendant and Respondent.

## Counsel

Tobin & Tobin, John R. Liebman, Amy M. Toboco and Judith Ilene Bloom for Plaintiff and Appellant.

McKittrick, Jackson, DeMarco & Peckenpaugh, Ronald J. Kohut, Ira D. Lebovic and Roger E. Borg for Defendant and Respondent.

## Opinion

**LILLIE, P. J.**—Plaintiff, Enterprise Leasing Corporation, appeals from judgment entered against it and in favor of defendant Shugart Corporation (Shugart) after the trial court granted defendant's motion for nonsuit made at the conclusion of plaintiff's opening statement.

## FACTS

Pursuant to a written lease agreement executed on February 21, 1986, (lease), plaintiff leased a computer system and related components (the equipment) to Applied Circuit Technology, Inc. (Applied). The lease was for a term of 60 months and required rental payments of $3,179.21 per month. On April 30, 1987, Applied and Shugart entered into a contract entitled "Asset Purchase Agreement" whereby Applied sold certain assets to Shugart. In the asset purchase agreement Shugart did not expressly assume the lease. After Shugart purchased assets of Applied it used the equipment and made 15 monthly payments of $3,179.21 each to plaintiff for such use. On September 12, 1988, Shugart sold its assets to ACT Technology Corporation (ACT) and entered into a rental agreement with ACT wherein Shugart represented that it owned the equipment and agreed to rent it to ACT for three months at $3,179.21 per month. On January 19, 1989, ACT told plaintiff to pick up the equipment.

In March 1989 plaintiff sued Applied, Shugart and ACT for damages for breach of the lease, conversion of the equipment, and unjust enrichment in that defendants had the use of the equipment without paying for it and without plaintiff's knowledge and consent.[1]

Shugart moved for summary adjudication that it did not assume the obligations of Applied under the lease. In support of the motion Shugart presented the following evidence: The lease included a provision which prohibited the lessee, Applied, from assigning the lease without plaintiff's prior written consent or permitting the equipment to be used by anyone other than lessee; lessee acknowledged that sale or other disposition of its business would not relieve it of its obligations under the lease. Upon its purchase of Applied's assets Shugart took over the premises where Applied conducted business; the equipment was on the premises. Payments under the lease were made through December 19, 1988. Plaintiff did not agree to assignment of the lease to Shugart and Shugart did not enter into any agreement with plaintiff whereby it assumed responsibility for the lease.

In opposition to the motion plaintiff submitted the following evidence: After execution of the asset purchase agreement Applied transferred possession of the equipment to Shugart as part of the sale. Shugart thereafter used the equipment until September 12, 1988, when it, in turn, transferred possession of the equipment to ACT. Applied and Shugart orally agreed that Shugart would "take care of" the lease. Consistent with such agreement

---

[1]The complaint also contained causes of action for claim and delivery and declaratory relief. Such causes of action are not at issue in this appeal.

Shugart paid plaintiff for rental of the equipment during the one and one-half years Shugart used the equipment. Neither Shugart nor Applied ever notified plaintiff of the asset purchase agreement, the transfer of possession of the equipment to Shugart, or the fact that Shugart thereafter would make the rental payments under the lease. After the sale Applied changed its name to Towne Paulsen, Inc., divested itself of the electronics segment of its business, and engaged exclusively in the pharmaceutical business. Accordingly, Towne Paulsen had no use for the equipment. On the other hand, Shugart needed the equipment in its business; so great was the need that Shugart acquired a second computer system.

The trial court granted Shugart's motion for summary adjudication. The action thereafter proceeded to trial by the court without a jury on plaintiff's causes of action for conversion and unjust enrichment.[2]

In its opening statement plaintiff set forth the following facts which it expected to prove. During negotiations regarding the asset purchase agreement the lease was discussed. Shugart's president said he would take care of it. Under the asset purchase agreement Shugart acquired the entire systems division of Applied (purchase price $4.7 million) with the exception of accounts receivable and cash. Inasmuch as Applied went out of the electronics business after the sale it had no further need of the equipment and the liability of the lease did not remain on the books and records of Towne Paulsen (formerly Applied). After the sale Shugart made the rental payments for the equipment specified in the lease and on its books reduced the total amount due under the lease each time it made a rental payment. Until August 2, 1988, plaintiff was unaware that Applied had sold its assets to Shugart. Because the lease prohibited its assignment without plaintiff's written consent, if plaintiff had known of the sale it could have decided whether to allow Shugart to assume Applied's obligations under the lease or to reject Shugart as the new lessee, repossess the equipment, and sell it or lease it to someone else at a higher rent. The monthly rental payment specified in the lease was based on a 60-month term, not on the shorter period during which Shugart used the equipment. Accordingly, the value of Shugart's use of the equipment exceeded the rental payments made by Shugart.

At the conclusion of plaintiff's opening statement Shugart moved for judgment of nonsuit on both causes of action. The motion was granted in its entirety.

---

[2]The record indicates that plaintiff obtained a default judgment against Towne Paulsen, Inc. (formerly Applied); outcome of the action as against ACT does not appear. In any event the cause went to trial against Shugart alone.

Judgment was entered in favor of Shugart and against plaintiff. Plaintiff appeals from the judgment, attacking the order granting motion for summary adjudication of issues as well as the order granting motion for nonsuit.

DISCUSSION

I

SUMMARY ADJUDICATION OF ISSUES

A

*Standard of Review*

■ Review of an order granting a motion for summary adjudication of issues is governed by the rules applicable to review of summary judgments. (*Commonwealth Mortgage Assurance Co.* v. *Superior Court* (1989) 211 Cal.App.3d 508, 513 [259 Cal.Rptr. 425].)

Summary judgment is proper where the evidence in support of the moving party is sufficient to sustain a judgment in his favor and there are no triable issues of fact to be determined. (Code Civ. Proc., § 437c, subd. (c); *Thompson* v. *Williams* (1989) 211 Cal.App.3d 566, 571 [259 Cal.Rptr. 518].) ■ The party moving for summary judgment has the burden initially to establish evidentiary facts of every element necessary to entitle him to judgment. (*Kerr* v. *Rose* (1990) 216 Cal.App.3d 1551, 1560 [265 Cal.Rptr. 597].) Where, as here, defendant is the moving party, he must either negate a necessary element of plaintiff's case or establish a complete defense. (*Jones* v. *Los Angeles Community College Dist.* (1988) 198 Cal.App.3d 794, 804 [244 Cal.Rptr. 37].) That burden extends to matters which plaintiff would have to prove at trial. (*Wood* v. *Loyola Marymount University* (1990) 218 Cal.App.3d 661, 665 [267 Cal.Rptr. 230].) The reviewing court conducts a de novo examination to see whether the moving party is entitled to summary judgment as a matter of law or whether there are any genuine issues of material fact. (*Decker* v. *City of Imperial Beach* (1989) 209 Cal.App.3d 349, 353 [257 Cal.Rptr. 356].) Only if the evidence of the moving party considered in light of the issues raised by the pleadings would, standing alone, support judgment in his favor does the court look to evidence presented by the opposing party. (*Twaite* v. *Allstate Ins. Co.* (1989) 216 Cal.App.3d 239, 251 [264 Cal.Rptr. 598].)

B

*The Merits*

██ The general rule is that the mere assignment of rights under an executory contract does not cast upon the assignee the obligations imposed by the contract upon the assignor. (*Walker* v. *Phillips* (1962) 205 Cal.App.2d 26, 32 [22 Cal.Rptr. 727].) The rule is otherwise, however, where the assignee assumes such obligations. (*Griffin* v. *Williamson* (1955) 137 Cal.App.2d 308, 315 [290 P.2d 361].) "[W]hether there has been an assumption of the obligations is to be determined by the intent of the parties as indicated by their acts, the subject matter of the contract or their words." (*Gregers* v. *Peterson Ice Cream Co., Inc.* (1958) 158 Cal.App.2d 746, 751 [323 P.2d 572]; see also *Weidner* v. *Zieglar* (1933) 218 Cal. 345, 349 [23 P.2d 515]; *Foreman Roofing Inc.* v. *United Union of Roofers etc. Workers* (1983) 144 Cal.App.3d 99, 107 [192 Cal.Rptr. 439].) Assumption of obligations may be implied from acceptance of benefits under the contract. (Civ. Code, § 1589; *Bruns* v. *DeSoto Operating Co.* (1988) 204 Cal.App.3d 876, 881 [251 Cal.Rptr. 462]; *Bergin* v. *van der Steen* (1951) 107 Cal.App.2d 8, 18 [236 P.2d 613].) Further, "where an assignee takes over a going business, his intention to assume the obligations of a contract relating to the business may be found from his acquiescence in the terms of the contract." (*Walker* v. *Phillips, supra,* 205 Cal.App.2d at pp. 32-33.)

██ Shugart insists that an assignee's assumption of the obligations of a contract between the assignor and a third party may not be inferred from the assignee's acceptance of the benefits of the contract or any other act of the parties, but instead rests exclusively upon his express assumption of the obligations. In support of this contention Shugart cites *Kelly* v. *Tri-Cities Broadcasting, Inc.* (1983) 147 Cal.App.3d 666 [195 Cal.Rptr. 303]. There, the purchaser of a radio station took an assignment of a lease of real property on which the radio station's transmitter was located. The lease required the lessee to provide a certain amount of free radio time per day to lessor in lieu of monetary rent. The purchaser abandoned the premises before the lease expired. In arbitration proceedings the lessor was awarded damages against the purchaser for the dollar value of the radio time agreed to be given for the remaining term of the lease. In reversing judgment confirming the arbitration award the court noted the absence of evidence that the purchaser, either orally or in writing, expressly assumed the lease and held that the purchaser therefore was liable only for the covenant to pay rent, which runs with the land, and only during the period of its occupancy. The court explained: " 'An assignee who takes possession under an assignment without an express assumption of the obligations of the lease is not bound by the contractual obligations of the lessee. . . . As long as he remains in possession the

nonassuming lessee is bound to pay the rent, maintain the insurance, make repairs, and pay taxes, if the lease so provides. However, these obligations terminate when the assignee terminates his possession. In the absence of an express assumption of the lease by the assignee there is no privity of contract between the assignee and the landlord, and the assignee is not liable for the covenants which are not otherwise binding under privity of estate.' " (*Kelly* v. *Tri-Cities Broadcasting, Inc.*, *supra*, 147 Cal.App.3d at p. 677.)

From this language it is apparent that the requirement of express assumption of the contractual obligations of a lease in order to hold the assignee liable for the obligations applies only to a lease of real property. The requirement is not applicable in the present case wherein the issue is whether Shugart assumed the obligations of the lessee under a lease of personal property. Resolution of that issue is governed by the rules, summarized above, pertaining to assumption of the obligations of contracts in general as distinguished from the contractual obligations of a lease of real property. Under those rules the determinative factor is the intent of the parties which is ascertained by considering their acts, their words and the subject matter of the contract.

In support of its motion for summary adjudication of issues Shugart presented no evidence showing that Applied and Shugart did not intend that Shugart was to assume Applied's obligations under its lease with plaintiff. Instead, in misplaced reliance on *Kelly*, Shugart showed only that the lease prohibited its assignment without plaintiff's prior written consent,[3] that plaintiff did not give such consent, and that Shugart did not expressly agree to assume Applied's obligations under the lease.

Because Shugart's evidence does not support the summary adjudication that it did not assume the lease obligations, it is unnecessary to determine whether plaintiff's evidence in opposition to the motion raised a triable issue of fact. We note, however, that such evidence would support a finding that Shugart assumed the lease obligations, specifically the obligation to make rental payments for the full term of the lease. At trial an issue that has been summarily adjudicated is deemed established and the trial proceeds as to the remaining issues. (Code Civ. Proc., § 437c, former subd. (f).) Accordingly, it was reversible error to grant the motion for summary adjudication because the trial court thereby deprived plaintiff of a crucial theory of its case shown

---

[3]The lease did not provide that its assignment without plaintiff's consent would be invalid or ineffective. It did provide that Applied's sale of its business did not relieve Applied of its obligations under the lease.

to be viable by plaintiff's evidence in opposition to the motion.[4] (See *McDaniel* v. *Gile* (1991) 230 Cal.App.3d 363, 376 [281 Cal.Rptr. 242].)

## II

## NONSUIT

### A

### *Standard of Review*

In considering a motion for nonsuit on plaintiff's opening statement the court must accept as proved all of the facts counsel says he expects to prove and must indulge in all inferences favorable to plaintiff reasonably arising from those facts. (*Hurn* v. *Woods* (1982) 132 Cal.App.3d 896, 902 [183 Cal.Rptr. 495].) A nonsuit is warranted only when the court can conclude from such facts and inferences that there will be no evidence of sufficient substantiality to support a judgment in favor of plaintiff.[5] (*Ibid.*)

### B

### *The Merits*

*Conversion.*

"Conversion is any act of dominion wrongfully exerted over another's personal property in denial of or inconsistent with his rights therein. It is not necessary that there be a manual taking of the property; it is only necessary to show an assumption of control or ownership over the property, or that the alleged converter has applied the property to his own use." (*Messerall* v. *Fulwider* (1988) 199 Cal.App.3d 1324, 1329 [245 Cal.Rptr. 548], internal quotation marks omitted.) Because the tort of conversion is a

---

[4]Much of the evidence presented in opposition to the motion for summary adjudication of issues was summarized in plaintiff's opening statement. Plaintiff recognized that the issue of Shugart's assumption of the lease obligations had been eliminated by the order granting the motion and argued that such evidence was relevant to prove that Shugart is estopped to deny that it assumed the obligations of the lease.

[5]Plaintiff contends that under Code of Civil Procedure section 581c, a motion for nonsuit at the conclusion of an opening statement lies only in a jury trial; because a nonjury trial was had in this case the only procedure available to Shugart was a motion for judgment made after plaintiff completed its presentation of evidence (Code Civ. Proc., § 631.8). The contention is without merit. (*Nelson* v. *Specialty Records, Inc.* (1970) 11 Cal.App.3d 126, 141 [89 Cal.Rptr. 540]; *Gonsalves* v. *City of Dairy Valley* (1968) 265 Cal.App.2d 400, 402-404 [71 Cal.Rptr. 255].)

species of strict liability, defendant's good faith, ignorance, mistake or motive is irrelevant and does not constitute a defense. (*Krusi* v. *Bear, Stearns & Co.* (1983) 144 Cal.App.3d 664, 672 [192 Cal.Rptr. 793]; *City of Los Angeles* v. *Superior Court* (1978) 85 Cal.App.3d 143, 149 [149 Cal.Rptr. 320].)

From the facts set forth in plaintiff's opening statement it reasonably may be inferred that Shugart assumed possession of and used the equipment after Applied sold its assets to Shugart. Shugart contends nonsuit was proper on plaintiff's cause of action for conversion because the opening statement included no facts showing that Shugart's use of the equipment was wrongful; on the contrary, the opening statement established that such use was not wrongful because it showed that Shugart made rental payments pursuant to the lease during the period it used the equipment. Shugart's motion for nonsuit was not based on that ground, however, but on the ground that "Shugart is not in possession of the equipment; that is it is in the possession of Enterprise Leasing." "Only the grounds of the motion specified by the defendant may be considered by the trial court in its ruling, or by the appellate court on review. If such grounds are insufficient, a nonsuit is improper even though other[,] good grounds may exist." (*Smith* v. *Roach* (1975) 53 Cal.App.3d 893, 898 [126 Cal.Rptr. 29]; see also 7 Witkin, Cal. Procedure (3d ed. 1985) Trial, § 418, pp. 419-420.)

Shugart moved for nonsuit on plaintiff's cause of action for conversion on the sole ground that at the time of trial plaintiff, not Shugart, had possession of the equipment. In a conversion action the plaintiff need show only that he was entitled to possession at the time of conversion; the fact that plaintiff regained possession of the converted property does not prevent him from suing for damages for the conversion. (See *Messerall* v. *Fulwider, supra,* 199 Cal.App.3d at pp. 1328-1329.) The motion for nonsuit was improperly granted on the cause of action for conversion.

*Unjust Enrichment.*

"In general, '[a] person who has been unjustly enriched at the expense of another is required to make restitution to the other.' [Citation.] A critical limitation on this rule is that one who confers a benefit officiously is not entitled to restitution. 'It must ordinarily appear that the benefits were conferred by mistake, fraud, coercion or request; otherwise, though there is enrichment, it is not unjust.' [Citation.]" (*Nibbi Brothers, Inc.* v. *Home Federal Sav. & Loan Assn.* (1988) 205 Cal.App.3d 1415, 1422 [253 Cal.Rptr. 289], italics omitted.) In its opening statement plaintiff indicated it would produce evidence that the value of Shugart's use of the equipment exceeded the rental payments made by Shugart for that use. Such evidence would show: The rental payments of $3,179.21 per month specified in the lease

were based on a term of 60 months. In April 1987, when Applied sold its assets to Shugart and Shugart began using the equipment, the rental payments for the remaining term of the lease totaled $146,243. In order to pay that amount during the period it used the equipment plaintiff would have had to make monthly rental payments of $8,006 each during said period instead of the payments of $3,179.21 per month which it actually made. Neither Applied nor Shugart told plaintiff, and plaintiff did not learn until August 1988, that Applied had sold its assets to Shugart and that Shugart was using the equipment and making the rental payments.

The foregoing evidence establishes both that Shugart was enriched, i.e., financially benefited, by making only the rental payments specified in the lease during the period it used the equipment, and that such enrichment was unjust because the benefit thereby conferred on Shugart was the result of plaintiff's lack of knowledge that Shugart had taken possession of the equipment and was making the rental payments, and that the payments would not continue throughout the term of the lease.

In support of a contrary conclusion Shugart cites *Griffith Co.* v. *Hofues* (1962) 201 Cal.App.2d 502 [19 Cal.Rptr. 900]. In that case the prospective purchaser of a hotel, who was in possession of it, employed plaintiff pursuant to a written contract to do paving work on the hotel grounds. After plaintiff completed the work the owner of the hotel regained possession of it. When the prospective purchaser did not pay plaintiff for the work, plaintiff sued the owner on the theory of an implied contract for materials furnished and services rendered. On appeal from judgment in favor of plaintiff the court construed plaintiff's cause of action as one for unjust enrichment and held that plaintiff could not recover on that theory because its contract was with the prospective purchaser, not with defendant. Plaintiff was bound to ascertain whether the prospective purchaser had authority to bind defendant; plaintiff did not do so, but instead proceeded with the work in reliance on its contract with the prospective purchaser, expecting that it would be paid by that company. (*Griffith Co.* v. *Hofues, supra*, 201 Cal.App.2d at p. 508.)

*Griffith* is not in point. The facts set forth in the opening statement show that not until 16 months after the sale by Applied to Shugart did plaintiff learn that Shugart had taken possession of the equipment. Under these circumstances plaintiff obviously had no opportunity, much less duty, to ascertain the source of Shugart's authority to use the equipment and to demand that Shugart assume the obligations of the lease as a condition to its use of the equipment at the rental specified in the lease.

*Estoppel.*

 Plaintiff did not plead estoppel, but at the conclusion of its opening statement moved to amend the complaint to conform to the proof by alleging estoppel. The motion was denied. Plaintiff now contends the motion for nonsuit was improperly granted because its opening statement included facts showing that Shugart is estopped to deny that it assumed the obligations of the lease.

To proceed on a theory of estoppel the essential elements of that doctrine must be alleged. (*Santa Barbara County Taxpayer Assn.* v. *Board of Supervisors* (1989) 209 Cal.App.3d 940, 947 [257 Cal.Rptr. 615].) Plaintiff recognized this by moving to amend its complaint to include a cause of action for estoppel. However, because plaintiff does not challenge the denial of its motion to amend, plaintiff is in no position to assert that the granting of the motion for nonsuit improperly ignored evidence of estoppel outlined in the opening statement.

### DISPOSITION

The judgment is reversed. The trial court is directed to vacate its order granting Shugart's motion for summary adjudication of issues and its order granting Shugart's motion for judgment of nonsuit. Costs on appeal are awarded to plaintiff.

Johnson, J., and Woods (Fred), J., concurred.