995 F.2d 232
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
MESA VERDE COAL PARTNERS, LTD., a limited partnership,
Plaintiff-counter-defendant-Appellant,
Robert P. Schalk, Plaintiff-counter-claim-defendant-Appellant,
v.
Edyth BENNETT, Defendant-counter-claimant-Appellee.
 No. 92-15309.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 12, 1993.
Decided May 25, 1993.
 
 Before REINHARDT, TROTT and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The tortured factual and procedural history of this lawsuit is well known to the parties and need not be recounted in detail. Suffice it to say that it stems from the procurement by Edyth Bennett in 1978 of a lease from the State of Utah entitling her to engage in coal mining on land in Grand County, Utah. Bennett assigned these interests in 1978 to Intercoast Coal Company which in turn and on behalf of Inter-American Energy assigned its interest in the coal lease to Mesa Verde Coal Partners, Ltd.
 
 
 3
 No recoverable coal could be found on the leased land. Litigation commenced. Eventually, Bennett brought a counterclaim against Mesa Verde and Robert Schalk seeking royalty payments from Mesa Verde based on Intercoast's obligation to pay Bennett advance royalty payments of $20,000 "for each annual period following the closing date."
 
 
 4
 After a trial, the counterclaim was dismissed. The district court concluded on the evidence that Mesa Verde had not assumed any of Intercoast's payment obligations. The court's judgment contains the statement that "Counterclaimants have failed to establish any contractual obligations [to Bennett] on the part of Mesa Verde."
 
 
 5
 Bennett then persuaded the district court to grant a new trial. The court believed that Cal.Civ.Code § 1589 created a "presumption" that Mesa Verde had accepted the burdens of Intercoast's royalty obligation to Bennett.
 
 
 6
 At the new trial, Bennett prevailed and was eventually awarded $278,807.59 plus post-judgment interest in connection with what may be a worthless coal lease.
 
 
 7
 Mesa Verde appeals inter alia the grant of a new trial, claiming that the district court's interpretation and application of Cal.Civ.Code § 1589 was error. We agree. Because the lease in this case pertains to real property, Cal.Civ.Code § 1589 is inapposite. See Enterprise Leasing Corp. v. Shugart Corp., 231 Cal.App.3d 737, 746 (1991); Kelly v. Tri-Cities Broadcasting, Inc., 147 Cal.App.3d 666 (1983). Thus, the district court committed error in granting the motion for a new trial based on that section of the law.[1] Accordingly, the Amended Judgment of July 14, 1992 based on the new trial is without support; and the question becomes whether the district court's original determination based on the first trial, i.e., that Mesa Verde had not committed itself to make Intercoast's royalty payments to Bennett, was sound. Based on a thorough review of the evidence, in particular the relevant lease agreements, assignments, and contracts, we conclude that the district court's factual determination made at the conclusion of the first trial, i.e., that Mesa Verde had not committed itself to make Intercoast's royalty payments to Bennett, is not clearly erroneous. The district court could reasonably have determined that Mesa Verde undertook only Intercoast's obligations under the Utah Coal Lease but not Intercoast's obligations under the assignment between Bennett and Intercoast.
 
 
 8
 Thus, we reverse the district court's judgment of July 14, 1992 and remand with instructions to the district court to enter final judgment on the basis of the original trial as reflected in its Order of Dismissal and Judgment dated March 5, 1987.[2]
 
 
 9
 REVERSED and REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Bennett argues that even under Enterprise, 231 Cal.App.3d at 746 and Kelly, 147 Cal.App.3d at 676, Mesa Verde is liable for the royalty payments owed by Intercoast because Mesa Verde expressly assumed Intercoast's obligations. Bennett relies on a clause in the assignment of the Utah Coal Lease from Intercoast to Mesa Verde which states:
 Comes now [Mesa Verde] AND HEREBY ACCEPTS THE ASSIGNMENT FROM INTERCOAST COAL COMPANY of California.... Which assignment is dated December 28, 1978, subject to all the covenants and obligations of said Lessee.
 (emphasis added). Bennett claims that this language constitutes an express assumption of Intercoast's obligations, including its obligation to make royalty payments to Bennett. However, the most that can be said for this language is that it is ambiguous as to whether Mesa Verde assumed the obligations of Intercoast to Bennett under the assignment between Bennett and Intercoast or whether Mesa Verde simply agreed to assume Intercoast's obligations to the State of Utah under the Utah Coal Lease. Given this ambiguity, and the district court's factual determinations at the first trial, see discussion in text; we cannot hold that Mesa Verde expressly assumed Intercoast's obligation to Bennett.
 
 
 [2]
 This case contains a thorny jurisdictional issue caused by the district court's entry on October 3, 1991 of a judgment ordering the case dismissed. There is some suggestion that the judgment was a ploy to get the attention of the attorneys, but it was a judgment just the same. No appeal was taken from that judgment, and it was not made the subject of a motion pursuant to Rule 60(b). Thus, the district court's attempt to enter a new judgment on January 27, 1992 without addressing the October 3, 1991 judgment was void. Accordingly, the February 13, 1992 Notice of Appeal was ineffective. The upshot of this, however, is that the district court on June 5, 1992 still had jurisdiction to vacate the October 3, 1991 judgment, which it did in an act that can only be seen as within its power under Rule 60(a). Thus, the district court had jurisdiction to enter the July 14, 1992 Amended Judgment, from which the appellant timely appeals. We have jurisdiction to hear this appeal pursuant to 28 U.S.C. § 1291