[Civ. No. 18540. Fourth Dist., Div. One. Sept. 19, 1979.]

DANIEL W. DULEY et al., Plaintiffs and Respondents, v.
WESTINGHOUSE ELECTRIC CORPORATION,
Defendant and Appellant.

**COUNSEL**

Poindexter & Doutré and Jeffrey A. Kent for Defendent and Appellant.

Romney, Andersen & Allen, Romney & Andersen, James M. Allen and M. Steven Andersen for Plaintiffs and Respondents.

**OPINION**

**BROWN (Gerald), P. J.**—Defendant Westinghouse Electric Corporation (Westinghouse) appeals the summary judgment favoring plaintiffs Daniel W. and Kathleen D. Duley and Reid and Ruby Anderson (Duley), cancelling the full reconveyance of a trust deed and restoring the priority of Duley's trust deed.

Duley sold real property to Hubbard in exchange for a promissory note secured by a trust deed to the property. Five months after the trust deed

was recorded, Westinghouse recorded an abstract of judgment against the same property. The Hubbards, in default on Duley's promissory note, applied for a loan with California First Bank. As part of the loan arrangement, a full reconveyance of the deed, conditioned by full payment of the promissory note, was sent to the escrow holder, Safeco Title Insurance Company (Safeco). Because of Westinghouse's lien, the loan was not approved. Safeco was instructed to cancel the full reconveyance. Instead, Safeco mistakenly recorded the reconveyance. Duley sued to cancel the reconveyance and to establish the priority of his trust deed. Both sides sought summary judgment.

Westinghouse contends Duley was not entitled to summary judgment as a matter of law.

The only legal and equitable solution in the situation created by Safeco is cancellation of the reconveyance, returning the parties to their status quo.  ■  The court may cancel a written instrument where there is a reasonable likelihood, if left outstanding, it may seriously injure a person against whom it is void or voidable (Civ. Code, § 3412).

That there was a writing was shown by declaration of Duley and Safeco and admitted in the pleadings. Allowing the reconveyance to stand would leave Duley without security for his loan and create an inequitable windfall for Westinghouse, as its abstract of judgment would take priority in any sale of the property. The reconveyance was voidable as to Duley because it was inadvertently recorded by Safeco as shown in Safeco's declaration. Duley was entitled to summary judgment as a matter of law.

Judgment affirmed.

Cologne, J., and Focht, J.,* concurred.

A petition for a rehearing was denied October 1, 1979, and appellant's petition for a hearing by the Supreme Court was denied November 15, 1979.

---

*Assigned by the Chairperson of the Judicial Council.