**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| In the Matter of:  HARRINGTON TOOLS, INC., <br><br> Debtor, <br><br>―――――――――――――――― <br><br> HARRINGTON TOOLS, INC., <br><br> Appellant, <br><br> v. <br><br> SUNLAND CHEMICAL AND RESEARCH CORP., AKA Sunland Chemical Corp., <br><br> Appellee. | No. 11-56831 <br><br> D.C. No. 2:10-cv-08005-PA <br><br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted August 9, 2013**
Pasadena, California

―――――――――――

\*      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before:  SILVERMAN and WARDLAW, Circuit Judges, and GEORGE, Senior District Judge.[***]

Harrington Tools, Inc. ("HTI") appeals the district court's order affirming the bankruptcy court's decision granting Sunland Chemical & Research Corp.'s ("Sunland") motion for summary judgment and affirming the bankruptcy court's evidentiary rulings.  We have jurisdiction pursuant to 28 U.S.C. §§ 158(d) and 1291, and we affirm.

The bankruptcy court correctly concluded that HTI's equitable indemnity claim against Sunland fails as a matter of law because equitable indemnity "is not available in the absence of a joint legal obligation to the injured party." *Prince v. Pac. Gas & Elec. Co.*, 202 P.3d 1115, 1122 (Cal. 2009).  HTI has not raised a triable question as to whether HTI and Sunland may be jointly liable to Community Bank, even under California's liberal joint liability rules.  *See Time For Living, Inc. v. Guy Hatfield Homes/All Am. Dev. Co.*, 280 Cal. Rptr. 904, 911 (Cal. Ct. App. 1991) ("It is well established that tortfeasors need not have acted in unison, or even concurrently, to be considered as joint tortfeasors.  Even tortfeasors whose *successive* acts unite to produce an indivisible injury may be considered

---

[***]  The Honorable Lloyd D. George, Senior District Judge for the U.S. District Court for the District of Nevada, sitting by designation.

2

joint tortfeasors for purposes of equitable indemnity."). Rather, all of HTI's claimed damages are the result of its breach of its own loan agreement with Community Bank, and it cites nothing in the record establishing that Sunland could be liable to the bank for obligations that are HTI's alone.[1] *See Prince*, 202 P.3d at 1126 n. 10.

The district court deemed HTI's challenges to the bankruptcy court's evidentiary rulings abandoned because HTI failed to support them with argument. Issues abandoned before the district court ordinarily will not be considered on appeal. *See Harik v. Cal. Teachers Ass'n*, 326 F.3d 1042, 1052 (9th Cir. 2003). Even if we were to consider HTI's arguments, we would not reverse unless the bankruptcy court abused its discretion *and* the error was prejudicial. *Johnson v.*

[1] HTI asserts that Community Bank would have several claims against Sunland, but points to nothing in the record to show that Community Bank could satisfy the elements of any of the causes of action it lists. *See, e.g.*, Cal. Gov't Code § 66499.32(b) (California's Subdivision Map Act, providing a cause of action for damages only to "[a]ny grantee, or his successor in interest, of real property which has been divided" unlawfully); *Lazar v. Super. Ct.*, 909 P.2d 981, 984 (Cal. 1996) (observing that a fraud claim requires detrimental reliance on a false statement); *Sumner Hill Homeowners' Ass'n v. Rio Mesa Holdings, LLC*, 141 Cal. Rptr. 3d 109, 135 (Cal. Ct. App. 2012) (noting that slander of title requires publication of a false statement that disparages title to property and results in direct pecuniary loss); *First Nationwide Sav. v. Perry*, 15 Cal. Rptr. 2d 173, 176 (Cal. Ct. App. 1992) (noting that, in unjust enrichment claims, "[t]he fact that one person benefits another is not, by itself, sufficient to require restitution" unless "the circumstances are such that, as between the two individuals, it is *unjust* for the person to retain it").

3

*Neilson (In re Slatkin)*, 525 F.3d 805, 811 (9th Cir. 2008). HTI cites nothing in the excluded evidence that raises a genuine dispute as to joint liability, and thus any error was harmless. We need not reach the bankruptcy court's conclusions that HTI's claim is barred by the statute of limitations and by laches because HTI has failed to assert any viable claim against Sunland.

**AFFIRMED.**