Filed 8/25/14  Chaudhary v. Gupta CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| KAILASH CHANDRA CHAUDHARY, <br><br> Plaintiff and Appellant, <br><br> v. <br><br> CHANDRA GUPTA, <br><br> Defendant and Respondent. | H039955 <br> (Santa Clara County <br> Super. Ct. No. CV237731) |

## I.  INTRODUCTION

Appellant Kailash Chandra Chaudhary discovered in 2007 that his friend Girdhari Gupta, to whom Chaudhary had given power of attorney while he was incarcerated, had sold Chaudhary's home for $155,000 instead of $99,000 as Chaudhary had believed.  In 2009, Chaudhary brought an action arising from the allegedly fraudulent home sale that did not name Girdhari's wife, respondent Chandra Gupta, as a defendant.  (*Chaudhary v. Stevens* (Super. Ct. Santa Clara County, No. 109CV149223.)  Chaudhary subsequently learned during Girdhari's deposition that Chandra[1] had received a portion of the escrow

---

[1] For purposes of clarity and meaning no disrespect, we will refer to Girdhari Gupta and respondent Chandra Gupta by their first names.  Although the record reflects that respondent was erroneously sued as "Chandra Gupta" because her name is spelled "Chanda Gupta," the case caption retains the name "Chandra Gupta."  We will therefore refer to respondent as "Chandra" throughout our opinion.

proceeds from the allegedly fraudulent home sale. Chaudhary did not amend the complaint in *Chaudhary v. Stevens*, *supra*, No. 109CV149223 to substitute Chandra for a Doe defendant. Instead, in December 2012, Chaudhary filed the present action against Chandra alone, alleging that she was liable for her involvement in the fraudulent home sale.

Chandra filed a motion for judgment on the pleadings on the ground that the action against her was time-barred under the three-year limitations period provided by Code of Civil Procedure section 338, subdivisions (c)(1) and (d).[2] The trial court granted the motion and entered a judgment of dismissal in Chandra's favor. On appeal, Chaudhary argues that the trial court erred in granting the motion for judgment on the pleadings because Chandra intentionally concealed her identity during the limitations period. Chaudhary also argues that the trial court abused its discretion in denying leave to amend the complaint. For the reasons stated below, we disagree and therefore we will affirm the judgment of dismissal.

## II. FACTUAL AND PROCEDURAL BACKGROUND

### A. *Prior Related Action*

On August 6, 2009, Chaudhary filed a complaint naming Barbara Stevens, California Land Title Co., and Old Republic Title Co. as defendants. (*Chaudhary v. Stevens*, *supra*, No. 109CV149223.) According to the complaint's allegations, Chaudhary was incarcerated in 1986. During his incarceration, Chaudhary gave Girdhari, his "very close friend[]," power of attorney to manage Chaudhary's personal and financial affairs.

Chaudhary did not learn until 2007 that Girdhari had conspired with defendants to commit fraud in connection with the 1987 sale of Chaudhary's home. The fraud

---

[2] All statutory references hereafter are to the Code of Civil Procedure unless otherwise indicated.

2

allegedly consisted of the following:  Girdhari told Chaudhary that his house would sell for at most $99,000; Girdhari then sold the home to Stevens for $99,000 on December 22, 1987; on the same day, December 22, 1987, Stevens sold the home to Bruce Jackson for $155,000, with the same title company handling both escrows; and Girdhari kept "the secret profits" of the $155,000 sale "for himself and others."  At the time the home was sold, Chaudhary "was in prison and needed money desperately to fight for the parental rights of his daughter[.]"

Chaudhary subsequently filed a first amended complaint, dated June 11, 2010, in which he expanded on the allegations regarding the defendant title companies.  The first amended complaint also added the allegation that "Defendants used some of the [Chaudhary] escrow proceeds to give money to family members of [Girdhari].  This conduct resulted in the theft of an additional $40,000."

On March 7, 2011, Chaudhary filed a second amended complaint that alleged, among other things, that "Doe #1 and [Girdhari] misappropriated [Chaudhary's] escrow proceeds by allowing checks to be written in excess of $40,000 to third parties who did not have liens on [Chaudhary's] Home, and who had no right to receive such funds.  Also, Defendants used some of [Chaudhary's] escrow proceeds to give money to family members of [Girdhari]."  The second amended complaint also included the allegation that "Stevens, Defendant DOE #1, [Girdhari] and Does 2–5 had a scheme to defraud [Chaudhary] and keep the secret profits for themselves and others."

The clerk's transcript submitted with the record on appeal includes a register of actions that indicates that *Chaudhary v. Stevens*, *supra*, No. 109CV149223 was settled on February 28, 2012.[3]

---

[3]  Chaudhary also states that he filed a prior action against Girdhari arising from the same allegations of a fraudulent home sale, which was settled on an unspecified date.

3

**B.** *Present Action*

On December 13, 2012, Chaudhary filed the complaint in the present action. The only named defendant was Girdhari's wife, Chandra.

Chaudhary asserted that "[p]rior to being appointed as [Chaudhary's] attorney-in-fact, [Chaudhary] and [Girdhari] were very close friends for about twenty years and [Chaudhary] trusted [Girdhari]. Both families had close ties, belonged to the same class of Indian-Hindus, spoke the same languages and same dialects, their children played together, celebrated functions together, and celebrated every birthday of their children together."

Chaudhary again alleged that he had given Girdhari power of attorney to manage Chaudhary's personal and financial affairs after he was incarcerated in 1986, and that Girdhari committed fraud in connection with the 1987 sale of Chaudhary's home. The fraud was the same scheme that had been alleged in the prior action, *Chaudhary v. Stevens, supra*, No. 109CV149223: that Chaudhary did not learn until 2007 that Girdhari had conspired with others to secretly sell Chaudhary's home for $155,000 on the same day the home was purportedly sold to Stevens for $99,000. Chaudhary asserted that Girdhari's family members had received approximately $40,000 from escrow proceeds, including Chandra's acceptance of $9,000 for herself.

According to Chaudhary, "he did not learn that Defendant Chandra Gupta had participated in the fraud until he took Girdhari Gupta's deposition in [Chaudhary's] prior lawsuit against Old Republic Title Company in the year 2011 (when Defendant Girdhari Gupta answered questions in connection with an escrow ledger and revealed the secret name of his wife (Defendant Chandra Gupta) and other family members). During Girdhari Gupta's testimony, he answered questions in connection with an escrow closing document and made [Chaudhary] aware that Defendant Chandra Gupta had accepted $9,000 from the proceeds of [Chaudhary's] escrow and had her family members accept [an] additional $27,000."

4

Chaudhary also asserted that "[b]oth Girdhari and Chandra Gupta were involved in the parental right[s] case. [Chaudhary] was requesting their assistance. He was asking them to visit his daughter at the foster parents' home, and they did visit [his] daughter."

Based on these allegations, the causes of action in the complaint included fraud (concealment), unjust enrichment, conversion, and money had and received.

## C. *Motion for Judgment on the Pleadings*

Defendant Chandra filed a motion for judgment on the pleadings on the ground that the action was time-barred under the three-year statute of limitations provided by section 338, subdivisions (c)(1) and (d) for claims of fraud and conversion. In support of her motion, Chandra requested judicial notice of the original complaint, the first amended complaint, and the second amended complaint in *Chaudhary v. Stevens*, *supra*, No. 109CV149223.

Chandra argued that review of the pleadings in *Chaudhary v. Stevens*, *supra*, No. 109CV149223 showed that Chaudhary's causes of action accrued no later than December 8, 2007, the date when Chaudhary allegedly discovered the fraudulent double escrow scheme to sell his home for $155,000, not $99,000 as he had previously believed. At that time, Chandra explained, Chaudhary knew that he "had been injured by not receiving the full proceeds from the sale of [his] home" and knew "that at least one person, [Girdhari], had wronged him." Since the complaint in this case was not filed until December 2012, Chandra argued that it was barred under the three-year statute of limitations.

Anticipating that Chaudhary would argue that Chandra was equitably estopped from asserting the statute of limitations as a defense because her identity was fraudulently concealed, Chandra argued that ignorance of a defendant's identity did not toll the statute. Chandra further argued that because Chaudhary alleged that he first learned of her identity during a 2011 deposition taken in *Chaudhary v. Stevens*, *supra*,

5

No. 109CV149223, he could have amended the complaint in that action to substitute Chandra for a Doe defendant within the applicable limitations period.

In opposition to the motion for judgment on the pleadings, Chaudhary maintained that Chandra was equitably estopped from asserting the statute of limitations because he did not learn of her conduct in connection with the fraudulent home sale until Girdhari's deposition was taken on February 7, 2012 (which he asserted was "erroneously stated in the complaint as during the year 2011") in *Chaudhary v. Stevens*, *supra*, No. 109CV149223, and therefore his complaint was timely filed in December 2012.

Alternatively, Chaudhary argued that the issue of whether he should have learned of Chandra's identity as a potential defendant during discovery in the prior action, *Chaudhary v. Stevens*, *supra*, No. 109CV149223, was a question of fact that precluded judgment on the pleadings. Chaudhary also argued that he should be permitted to amend his complaint to allege that Chandra had fraudulently concealed her identity prior to February 7, 2012.

### D. *Trial Court Order*

The trial court granted Chandra's motion for judgment on the pleadings without leave to amend in its April 25, 2013 order. Based upon its review of the complaint in the present action and the pleadings in *Chaudhary v. Stevens*, *supra*, No. 109CV149223, of which the trial court took judicial notice, the court determined that (1) Chaudhary knew the essential facts about the fraudulent sale of his home no later than August 6, 2009; (2) Chaudhary knew that Girdhari's family members had shared in the proceeds of the sale no later than March 7, 2011, when the second amended complaint was filed; (3) In either 2011 or on February 7, 2012, Chaudhary learned at Girdhari's deposition in *Chaudhary v. Stevens*, *supra*, No. 109CV149223 that defendant Chandra had accepted money from the sale; and (4) Chaudhary never sought leave to amend the complaint in *Chaudhary v. Stevens*, *supra*, No. 109CV149223 to substitute Chandra for a Doe defendant.

6

The trial court further determined that there were no allegations that Chandra had "*actively* concealed her role in the 1987 transfer of [Chaudhary's] home, and [Chaudhary] learned [Chandra's] identity during discovery in the 2009 lawsuit. Upon learning [Chandra's] identity, he should have amended his pleading by designating [Chandra] in place of a Doe defendant. [Citation.] Had [Chaudhary] done so, his claims against [Chandra] would not have been time[-]barred because the 2009 lawsuit was filed fewer than two years after [Chaudhary] allegedly learned about the 1987 transfer. [Citation.] Thus, [Chaudhary] is unable to invoke equitable estoppel to avoid the effect of the statute of limitations. [Citation.]"

Chaudhary's request for leave to amend was denied because the trial court found that Chaudhary had not met his burden to show the defects in the complaint could be cured by amendment and, in any event, "there does not appear to be any way in which [Chaudhary] can cure defects with his pleading."

A judgment of dismissal was entered on June 26, 2013. Chaudhary subsequently filed a timely notice of appeal from the judgment of dismissal.

### III. DISCUSSION

On appeal, Chaudhary argues that the trial court erred in granting the motion for judgment on the pleadings because the doctrines of equitable tolling and equitable estoppel preclude Chandra from asserting a statute of limitations defense. Alternatively, Chaudhary argues that the trial court abused its discretion in denying leave to amend the complaint. We will begin our analysis with the applicable standard of review.

#### A. *Standard of Review*

"Since 1994, motions for judgment on the pleadings have been authorized by statute. (Stats.1993, ch. 456, § 5, pp. 2524–2527, adding [§] 438; Stats.1994, ch. 493, § 2, amending [§] 438.) Previously, they were allowed by common law. [Citations.] Generally, as such motions were, so they remain." (*Gerawan Farming, Inc. v. Lyons* (2000) 24 Cal.4th 468, 482, fn.2.)

7

"In an appeal from a motion granting judgment on the pleadings, we accept as true the facts alleged in the complaint and review the legal issues de novo. 'A motion for judgment on the pleadings, like a general demurrer, tests the allegations of the complaint or cross-complaint, supplemented by any matter of which the trial court takes judicial notice, to determine whether plaintiff or cross-complainant has stated a cause of action. [Citation.] Because the trial court's determination is made as a matter of law, we review the ruling de novo, assuming the truth of all material facts properly pled.' [Citation.]" (*Angelucci v. Century Supper Club* (2007) 41 Cal.4th 160, 166; see also *Ludgate Ins. Co. v. Lockheed Martin Corp.* (2000) 82 Cal.App.4th 592, 602.)

**B.** *Statute of Limitations*

The California Supreme Court has established the rules governing the affirmative defense of the statute of limitations. A statute of limitations prescribes the period "beyond which a plaintiff may not bring a cause of action. [Citations.]" (*Fox v. Ethicon Endo-Surgery, Inc.* (2005) 35 Cal.4th 797, 806 (*Fox*).) "[It] strikes a balance among conflicting interests. If it is unfair to bar a plaintiff from recovering on a meritorious claim, it is also unfair to require a defendant to defend against possibly false allegations concerning long–forgotten events, when important evidence may no longer be available." (*Pooshs v. Philip Morris USA, Inc.* (2011) 51 Cal.4th 788, 797 (*Pooshs*).)

"Generally speaking, a cause of action accrues at 'the time when the cause of action is complete with all of its elements.' [Citations.] An important exception to the general rule of accrual is the 'discovery rule,' which postpones accrual of a cause of action until the plaintiff discovers, or has reason to discover, the cause of action. [Citations.]" (*Fox, supra,* 35 Cal.4th at pp. 806–807.) "Discovery of the cause of action occurs when the plaintiff 'has reason . . . to suspect a factual basis' for the action. [Citations.]" (*Pooshs, supra,* 51 Cal.4th at p. 797.)

"In order to rely on the discovery rule for delayed accrual of a cause of action, '[a] plaintiff whose complaint shows on its face that his [or her] claim would be barred

without the benefit of the discovery rule must specifically plead facts to show (1) the time and manner of discovery *and* (2) the inability to have made earlier discovery despite reasonable diligence.' [Citation.]" (*Fox, supra,* 35 Cal.4th at p. 808.)

However, the California Supreme Court has also instructed that "failure to discover, or have reason to discover, the identity of the defendant does not postpone the accrual of a cause of action, whereas a like failure concerning the cause of action itself does. '. . . [T]he rationale for distinguishing between ignorance' of the defendant and 'ignorance' of the cause of action itself 'appears to be premised on the commonsense assumption that once the plaintiff is aware of' the latter, he [or she] 'normally' has 'sufficient opportunity,' within the 'applicable limitations period,' 'to discover the identity' of the former. [Citation.]" (*Norgart v. Upjohn Co.* (1999) 21 Cal.4th 383, 399 (*Norgart*); see also *Cypress Semiconductor Corp. v. Superior Court* (2008) 163 Cal.App.4th 575, 587 [failure to discover the identity of the defendant does not postpone accrual because the defendant's identity is not an element of a cause of action].)

In the present case, as the parties agree, the limitations period for the causes of action for fraud, conversion, and unjust enrichment is three years. (§ 338, subds. (c)(1) & (d).) Where, as here, the cause of action for money had and received is based on fraud, the limitations period is also governed by section 338 and is three years. (See *First Nationwide Savings v. Perry* (1992) 11 Cal.App.4th 1657, 1670.) Thus, all causes of action in Chaudhary's complaint are subject to a three-year statute of limitations.

The face of the complaint reveals that, absent an exception, the present action against Chandra is time-barred under the three-year limitations period provided by section 338 because (1) the allegations show that Chaudhary discovered the factual basis for his causes of action in 2007, when he learned that Girdhari had conspired with others to secretly sell Chaudhary's home for $155,000 on the same day the home was purportedly sold for $99,000; and (2) the complaint against Chandra was not filed until five years later, in 2012.

9

We understand Chaudhary to argue that the complaint was timely filed because the three-year limitations period for his action against Chandra was tolled, or, alternatively, that Chandra is estopped from asserting the statute of limitations, because her involvement in the fraudulent home sale scheme was concealed until Girdhari's deposition in *Chaudhary v. Stevens*, *supra*, No. 109CV149223. We therefore turn to an overview of equitable estoppel and tolling.

## C. *Equitable Estoppel*

The California Supreme Court has explained that "[e]quitable tolling and equitable estoppel are distinct doctrines. ' "Tolling, strictly speaking, is concerned with the point at which the limitations period begins to run and with the circumstances in which the running of the limitations period may be suspended. . . . Equitable estoppel, however, . . . comes into play only after the limitations period has run and addresses . . . the circumstances in which a party will be estopped from asserting the statute of limitations as a defense to an admittedly untimely action because his [or her] conduct has induced another into forbearing suit within the applicable limitations period. [Equitable estoppel] is wholly independent of the limitations period itself and takes its life . . . from the equitable principle that no [one] [may] profit from his [or her] own wrongdoing in a court of justice." ' [Citations.]" (*Lantzy v. Centex Homes* (2003) 31 Cal.4th 363, 383.) Thus, " ' " '[w]here the delay in commencing action is induced by the conduct of the defendant it cannot be availed of by him [or her] as a defense.' " ' [Citations.]" (*Id*. at p. 384.)

With regard to the plaintiff's ignorance of a defendant, the California Supreme Court has instructed that "a defendant may be equitably estopped from asserting the statute of limitations when, as a result of intentional concealment, the plaintiff is unable to discover the defendant's actual identity." (*Bernson v. Browning-Ferris Industries* (1994) 7 Cal.4th 926, 936 (*Bernson*).) In other words, under the doctrine of equitable estoppel an action filed after the limitations period has expired may proceed " '[w]here the plaintiff is unaware of the identity of the wrongdoer and this is due to fraudulent

10

concealment by the defendant.' [Citation.]" (*Prudential-LMI Com. Insurance v. Superior Court* (1990) 51 Cal.3d 674, 690 (*Prudential*).)

Under section 474,[4] "when the plaintiff is ignorant of the name of '*a* defendant,' the plaintiff must file suit against the known wrongdoers, and, when the Doe's true name is discovered, the complaint may be amended accordingly. [Citation.]" (*Bernson, supra,* 7 Cal.4th at p. 933.) The procedure for a Doe amendment was stated in *Norgart*: "[S]ection 583.210, subdivision (a),[5] provides that the 'complaint shall be served upon a defendant within three years' of its filing. Hence, the plaintiff can 'file[] a timely complaint under section 474 . . . . From the time such a complaint is filed,' under section 583.210, subdivision (a), he [or she] 'has three years,' and the machinery of discovery, 'to identify . . . the defendant,' amend the complaint, and 'serve [him] [or her] . . ., effectively enlarging the . . . limitations period for three years' through the doctrine that the amended complaint 'relates back' to the original one. [Citation.]" (*Norgart, supra,* 21 Cal.4th at p. 398.)

"[I]t will be the rare and exceptional case in which the plaintiff could genuinely claim that he [or she] was aware of no defendants, and even more rare that, given knowledge of at least one, he [or she] could not readily discover the remainder through the filing of a Doe complaint and the normal discovery processes." (*Bernson, supra,* 7 Cal.4th at p. 937.)

---

[4] Section 474 provides in part: "When the plaintiff is ignorant of the name of a defendant, he must state that fact in the complaint, or the affidavit if the action is commenced by affidavit, and such defendant may be designated in any pleading or proceeding by any name, and when his true name is discovered, the pleading or proceeding must be amended accordingly; . . . ."

[5] Section 583.210, subdivision (a) provides: "The summons and complaint shall be served upon a defendant within three years after the action is commenced against the defendant. For the purpose of this subdivision, an action is commenced at the time the complaint is filed."

11

**D.** *The Parties' Contentions*

On appeal, Chaudhary argues that the motion for judgment on the pleadings should be denied because (1) he did not discover Chandra's identity until the February 7, 2012 deposition of her husband, Girdhari, at which time discovery was closed in *Chaudhary v. Stevens*, *supra*, No. 109CV149223, a trial date was pending, and a Doe amendment would have had "no practical effect on that case"; (2) the complaint's allegations, which must be accepted as true, are sufficient to show that Chandra concealed her identity because it is alleged that Girdhari's deposition testimony revealed that the escrow ledger indicating the persons to whom escrow proceeds were paid contained "secret names"; (3) the statute of limitations was tolled during the period that he was ignorant of Chandra's identity; and (4) whether he exercised reasonable diligence in discovering Chandra's identity is a question of fact that cannot be resolved at the pleading stage.

Chandra responds that the doctrine of equitable tolling does not apply in this case because ignorance of the identity of the defendant does not toll the statute, as stated in *Bernson*, *supra*, 7 Cal.4th at page 932. Chandra also argues that she is not equitably estopped from asserting a statute of limitations defense because the complaint does not allege, and there is no indication that it could be alleged, that she prevented Chaudhary from learning her identity and filing suit within the three-year limitations period. According to Chandra, since Chaudhary became aware of her identity during discovery in *Chaudhary v. Stevens*, *supra*, No. 109CV149223, he could have amended the complaint in that action to substitute her for a Doe defendant and the causes of action against her would have related back to the commencement of that action.

**E.** *Analysis*

As we have discussed, the face of the complaint shows that the three-year statute of limitations provided by section 338, subdivisions (c)(1) and (d) had expired by the time the complaint naming Chandra as a defendant was filed in December 2012. The

complaint's allegations show that Chaudhary discovered the factual basis for his causes of action more than three years earlier, when he learned in December 2007 that Girdhari had conspired with others to secretly sell Chaudhary's home for $155,000 on the same day the home was purportedly sold for $99,000. (See *Pooshs, supra,* 51 Cal.4th at p. 797.)

Chaudhary's alleged ignorance of Chandra's identity as a participant in the fraudulent home sale scheme until either February 2011 or February 2012 did not toll the statute of limitations, since failure to discover the identity of the defendant does not toll or postpone accrual of the cause of action. (*Norgart*, *supra*, 21 Cal.4th at p. 399; *Bernson*, *supra*, 7 Cal.4th at p. 932.) However, as we have noted, the California Supreme Court in *Bernson* stated that "a defendant may be equitably estopped from asserting the statute of limitations when, as the result of intentional concealment, the plaintiff is unable to discover the defendant's actual identity." (*Bernson*, *supra,* 7 Cal.4th at p. 936.)

Thus, the first issue to be decided in this appeal is whether the allegations of the complaint are sufficient to show that Chandra should be equitably estopped from asserting a statute of limitations defense since she actively concealed her identity from Chaudhary during the limitations period and thereby prevented him from timely filing suit against her. (See *Bernson*, *supra*, 7 Cal.4th at p. 936; *Prudential*, *supra*, 51 Cal.3d at pp. 689-690.)

Having carefully reviewed the complaint, we find no allegations showing that Chandra actively or fraudulently concealed her identity from Chaudhary. Page four of the complaint, relied upon by Chaudhary, states only that "he did not learn that [Chandra] had participated in the fraud until he took [Girdhari's] deposition in [Chaudhary's] prior lawsuit against Old Republic Title Company in the year 2011 (when [Girdhari] answered questions in connection with an escrow ledger and revealed the secret name of his wife [Chandra] and other family members). During [Girdhari's] testimony, he answered questions in connection with an escrow closing document and made [Chaudhary] aware

13

that [Chandra] had accepted $9,000 from the proceeds of [Chaudhary's] escrow and had her family members accept [an] additional $27,000."

These allegations on page four of the complaint do not indicate that Chandra participated in the alleged concealment of her name in escrow documents as a recipient of $9,000 in escrow proceeds. Moreover, these allegations, together with the pleadings in *Chaudhary v. Stevens*, *supra*, No. 109CV149223,[6] demonstrate that Chaudhary could have, but did not, amend the complaint in *Chaudhary v. Stevens* to substitute Chandra for a Doe defendant after learning her identity in 2011, well within the three-year period allowed for a Doe amendment after the original complaint in *Chaudhary v. Stevens*, *supra*, No. 109CV149223 was filed in August 2009. (§ 583.210; see *Norgart*, *supra*, 21 Cal.4th at p. 398.)

Accordingly, we determine that Chandra is not barred by the doctrine of equitable estoppel from asserting a statute of limitations defense, since the face of the complaint does not show that Chaudhary was unaware of her identity as a wrongdoer due to her fraudulent concealment during the three-year period allowed under section 583.210 for a Doe amendment to the original complaint. (See *Prudential*, *supra*, 51 Cal.3d at pp. 689-690.)

We next address the issue of whether the trial court abused its discretion in denying Chaudhary leave to amend his complaint to cure these defects.

### F. *Leave to Amend*

"When a general demurrer is sustained or a motion for judgment on the pleadings is granted, the plaintiff must be given leave to amend his or her complaint when there is a

---

[6] "Both trial and appellate courts may properly take judicial notice of a party's earlier pleadings and positions as well as established facts from both the same case *and other cases*. (Evid. Code, § 452; [§] 430.70; [citations].) The complaint should be read as containing the judicially noticeable facts . . . . [Citation.]" (*Cantu v. Resolution Trust Corp.* (1992) 4 Cal.App.4th 857, 877.)

14

reasonable possibility that the defect can be cured by amendment. [Citations.] 'The burden of proving such reasonable possibility is squarely on the plaintiff.' [Citation.] [¶] 'To satisfy that burden on appeal, a plaintiff "must show in what manner he [or she] can amend his [or her] complaint and how that amendment will change the legal effect of his [or her] pleading." [Citation.] The assertion of an abstract right to amend does not satisfy this burden.' [Citation.]" (*Maxton v. Western States Metals* (2012) 203 Cal.App.4th 81, 95 (*Maxton*).) A plaintiff may show for the first time on appeal how the complaint may be amended to cure the defect. (§ 472c, subd. (a); *Las Lomas Land Co., LLC v. City of Los Angeles* (2009) 177 Cal.App.4th 837, 861.)

On appeal, Chaudhary argues that he should be given leave to amend his complaint to further allege that Chandra actively concealed her identity by using a "phony name" to accept and cash the escrow proceeds. He also argues that the trial court abused its discretion by failing to allow him to amend his complaint to correct typographical errors, including correction of the date of Girdhari's deposition *Chaudhary v. Stevens*, *supra*, No. 109CV149223 to indicate the correct date is February 7, 2012, not 2011.

According to Chandra, any amendment of the complaint would be futile because Chaudhary has not shown how the complaint could be amended to cure its defects. Chandra asserts that Chaudhary has admitted in his pleadings that he discovered her identity in time to amend the complaint in *Chaudhary v. Stevens*, *supra*, No. 109CV149223 by substituting her for a Doe defendant. We agree.

Even if the complaint was amended to show that Girdhari's deposition in *Chaudhary v. Stevens*, *supra*, No. 109CV149223 was taken on February 7, 2012, the proposed amendment would not cure the defects in the complaint. Despite Chandra's alleged concealment, Chaudhary admits in the proposed amendment that he discovered Chandra's identity as a wrongdoer no later than February 7, 2012. Therefore, Chaudhary could have filed an amendment substituting Chandra for a Doe defendant in *Chaudhary*

15

*v. Stevens*, *supra*, No. 109CV149223 before the three-year relation-back period allowed under section 583.210 expired in August 2012 (since the original complaint was filed in August 2009). (See *Norgart*, *supra*, 21 Cal.4th at p. 398.) Because Chaudhary failed to do so, his action against Chandra is time-barred.

We are not convinced by Chaudhary's argument that "even if [he] had filed a [D]oe amendment in the 2009 [a]ction, it would have had no practical effect . . . because [he] would not have been able to alter the trial date and reopen discovery to keep the case going against [Chandra]." Chaudhary does not provide any authority for the proposition that where, as here, a defendant's identity is discovered during the three-year relation-back period provided by section 583.210, the plaintiff may elect to disregard the Doe amendment procedure provided by section 474 and instead file a separate action against that defendant. To the contrary, section 474 provides that a Doe amendment is mandatory: "When the plaintiff is ignorant of the name of a defendant, he must state that fact in the complaint . . . and such defendant may be designated in any pleading or proceeding by any name, and *when his true name is discovered, the pleading or proceeding* <u>*must*</u> *be amended accordingly . . . .*" (§ 474, italics and underscoring added; see *Fireman's Fund Ins. Co. v. Sparks Construction, Inc.* (2004) 114 Cal.App.4th 1135, 1144 [requirements of section 474 are mandatory].)

Finally, even if the complaint was amended to allege that Chandra actively concealed her identity by using a "phony name" to accept and cash the escrow proceeds, the proposed amendment would not render the action timely or allow the application of equitable estoppel. Assuming the truth of the proposed allegation that Chandra actively concealed her identity, that would not change the legal effect of Chaudhary's other proposed amendment, in which he asserts that he discovered Chandra's identity as a wrongdoer no later than Girdhari's February 7, 2012 deposition. We therefore determine that Chaudhary has not met his burden on appeal to show how the proposed amendments

16

to the complaint would change its legal effect by showing that the action against Chandra was timely filed. (See *Maxton*, *supra*, 203 Cal.App.4th at p. 95.)

For these reasons, we conclude that the trial court did not err in granting Chandra's motion for judgment on the pleadings on the ground that the action is time-barred, and we also conclude that the court did not abuse its discretion in denying leave to amend the complaint. We will therefore affirm the judgment of dismissal.

## IV. DISPOSITION

The judgment of dismissal is affirmed. Costs on appeal are awarded to respondent.

_____

BAMATTRE-MANOUKIAN, ACTING P.J.

WE CONCUR:

_____

MÁRQUEZ, J.

_____

GROVER, J.