**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 16 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MARTI MACKEY,

          Plaintiff-Appellant,

  v.

JPMORGAN CHASE BANK, N.A., for
itself and as acquirer of certain assets and
liabilities of Washington Mutual Bank from
the Federal Deposit Insurance Corporation
as receiver for Washington Mutual Bank; et
al.,

          Defendants-Appellees,

 and

UNITED GENERAL TITLE INSURANCE
COMPANY; NATIONAL TITLE
CLEARING,

          Defendants.

No.   19-56135

D.C. No. 2:18-cv-09048-PSG-FFM

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Submitted December 2, 2020**

---

    \*     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    \*\*     The panel unanimously concludes this case is suitable for decision

Before: WALLACE, CLIFTON, and BRESS, Circuit Judges.

Marti Mackey appeals pro se from the district court's judgment dismissing her action alleging federal and state law claims arising out of the foreclosure proceedings. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. *Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1093 (9th Cir. 2017). We affirm.

The district court properly dismissed Mackey's restitution, conversion, and money had and received claims because Mackey failed to allege facts sufficient to show that defendants unjustly retained a benefit that they were not entitled to. *See Welco Elecs., Inc. v. Mora*, 166 Cal. Rptr. 3d 877, 881 (Ct. App. 2014) (elements of conversion under California law); *Guittierrez v. Girardi*, 125 Cal. Rptr. 3d 210, 219 (Ct. App. 2011) (elements of a money had and received claim under California law); *First Nationwide Sav. v. Perry,* 15 Cal. Rptr. 2d 173, 176 (Ct. App. 1992) ("An individual is required to make restitution if he or she is unjustly enriched at the expense of another."); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." (citation and internal quotation marks omitted)).

The district court properly dismissed Mackey's claim under the California

without oral argument. *See* Fed. R. App. P. 34(a)(2).

Unfair Competition Law ("UCL") because Mackey failed to allege facts sufficient to show that defendants engaged in conduct prohibited by the statute. *See Daugherty v. Am. Honda Motor Co., Inc*., 51 Cal. Rptr. 3d 118, 128 (Ct. App. 2006) (elements of UCL claim); *see also Iqbal*, 556 U.S. at 678.

The district court properly dismissed Mackey's slander of title claim because Mackey failed to allege facts sufficient to show that defendants published a false statement disparaging title to the property. *See Truck Ins. Exch. v. Bennett*, 61 Cal. Rptr. 2d 497, 497 (Ct. App. 1997) (elements of slander of title claim under California law); *see also Iqbal*, 556 U.S. at 678.

The district court properly dismissed Mackey's cancellation of instruments claim because Mackey failed to allege facts sufficient to show that Chase did not hold an interest in the loan. *See* Cal. Civ. Code § 3412 (defining cancellation of instruments claim); *Saterbak v. JPMorgan Chase Bank, N.A*., 199 Cal. Rptr. 3d 790, 798 (Ct. App. 2016) (to state a claim under § 3412, plaintiff must allege that the title document "was void or voidable *against her*"); *see also Iqbal*, 556 U.S. at 678.

The district court did not abuse its discretion in denying Mackey leave to amend because further amendment would have been futile. *See Cervantes v. Countrywide Home Loans, Inc*., 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and stating that leave to amend may be denied where

19-56135

amendment would be futile).

The district court did not abuse its discretion in granting defendants' request for judicial notice because the documents in question were matters of public record. *See* Fed. R. Evid. 201(b)(2); *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (standard of review).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

All pending requests are denied.

**AFFIRMED.**